UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-61329-CIV-COHN/SELTZER

THE TOWERS OF OCEANVIEW SOUTH
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

vs.

GREAT AMERICAN INSURANCE COMPANY
OF NEW YORK,

    Defendant.

_____/

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DE 11]

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand [DE 11] ("Motion"). The Court has considered the Motion, Defendant's Response [DE 15], and Plaintiff's Reply [DE 18], and is otherwise advised in the premises. For the reasons that follow, the Motion will be **DENIED**.

**I.    Background**

Plaintiff sues Defendant for breach of an insurance contract. See Amd. Comp. at ¶¶13–17.[1] Plaintiff's apartment complex flooded. Id. at ¶8. Plaintiff alleges that Defendant insurance company should have covered the damage. Id. at ¶¶7, 14–15. But instead Defendant denied Plaintiff's claim. Id. at ¶¶10–11.

Plaintiff initially filed this action in Florida Circuit Court. See id. at 1. Defendant removed it on diversity grounds. [DE 1 at 2–5.] Both parties appear to agree that this

---

[1] The Amended Complaint can be found at pages 6–8 of Docket Entry 1-2.

Court has jurisdiction over the case.  But Plaintiff contends that the case should be remanded because Defendant filed its Notice of Removal out of time.  [DE 11 at ¶5.]

Defendant filed its Notice of Removal on June 6, 2014.  [DE 1 at 5.]  It contains the following statements pertinent to the instant Motion:

> 4.    This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of [Defendant's] receipt of [Plaintiff's] responses to [Defendant's] First Set of Interrogatories, dated May 9, 2014, from which it could first be ascertained that the amount in controversy is in excess of $75,000. These interrogatory responses, which are discussed in greater detail below, are attached hereto as Exhibit "B."
>
> 5.    Prior to May 9, 2014, [Defendant] had no basis to conclude that the amount in controversy exceeded the $75,000 jurisdictional threshold in 28 U.S.C. § 1332(a). Indeed, prior to this date, the only documentation submitted to [Defendant] by [Plaintiff] concerning the value of its claim was a single proposal prepared by A to Z Statewide Plumbing, Inc., a plumbing contractor which [Plaintiff] consulted after the Loss.  The amount of this proposal is $19,250. This proposal is attached as Exhibit "C."

[Id. at 2.]

Plaintiff contends otherwise.  According to the Motion, "on January 2, 2014, more than 5 months prior to Defendant's removal of the case, Plaintiff's counsel sent email correspondence to Defendant's counsel placing Defendant on notice that 'the repairs appear to be in the range of $80,000.'"  [DE 11 at ¶5.]  In its Response, Defendant acknowledges receipt of this email, and quotes it in full:

> Happy new year and all the best for 2014.  I wanted to touch base as we briefly discussed the possibility of resolving this matter.  I cannot give you an exact demand at this time because the building is still in the process of repairs. However, the repairs appear to be in the range of $80,000. Repairs should be completed within the next week or so and, at that point, I should be in a better position to provide a specific demand.  Please advise whether [Defendant] is

2

> interested in resolving this matter so that I can get back to you with a concrete demand on the claim and a demand for attorney's fees and costs.

[DE 15 at 2.] Plaintiff does not challenge the accuracy of this description of its email.

## II.     Discussion

Plaintiff's Motion argues that this case should be remanded because Defendant's Notice of Removal was untimely filed pursuant to 28 U.S.C. § 1446(b). [DE 11 at ¶9.] Section 1446(b)(3) requires a defendant to remove a case within thirty days of its receipt of a "paper" from which "it may first be ascertained that the case is one which is or has become removable." The Court concludes that Plaintiff's May 9, 2014, interrogatory responses, and not Plaintiff's January 2, 2014, email, constitute the relevant paper in this case. Accordingly, Defendant timely filed its Notice of Removal and the Motion will be denied.

Subject to certain limitations not applicable here, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed to the United States District Court "for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Of course, federal district courts have original jurisdiction over cases involving "citizens of different States" if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332.

However, 28 U.S.C. § 1446 sets a time limit on removal. According to Section 1446(b)(1), notice of removal shall be filed within thirty days after a defendant receives a copy of the initial pleading. But if a case is not removable based upon the initial pleading, Section 1446(b)(3) provides a different rule:

> Except as provided in subsection (c),[2] if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).  Failure to comply with such "express statutory requirements for removal" can justify remand.  See Snapper, Inc. v. Redan, 171 F.3d 1249, 1253 (11th Cir. 1999).

Here, the parties do not dispute that they are diverse under 28 U.S.C. § 1332 and that this has been apparent from the start.  Rather, at issue is when Defendant received "a copy of an amended pleading, motion, order or other paper" under Section 1446(b)(3), from which Defendant could ascertain that Plaintiff's claims satisfied Section 1332's $75,000 amount-in-controversy requirement.  The parties propose two alternative triggering events.  Defendant states that it did not have notice that Plaintiff's claims exceeded $75,000 until it received Plaintiff's May 9, 2014, responses to an interrogatory to that effect in the state-court action.  [DE 1 at 2.]  Plaintiff, however, contends that Defendant had been on notice since January 2, 2014, when Plaintiff's counsel sent Defendant's attorney the aforementioned email stating that certain repairs "appear to be in the range of $80,000" and inviting Defendant to enter into settlement discussions.   [DE 11 at 2; DE 15 at 2.]

"Courts have held that responses to request for admissions, settlement offers, and other correspondence between parties can be 'other paper' under 28 U.S.C. § 1446(b)."  Lambertson v. Go Fit, LLC, 918 F. Supp. 2d 1283, 1285 (S.D. Fla. 2013) (quoting Wilson v. Target Corp., No. 10-80451-CIV, 2010 WL 3632794, at *2 (S.D. Fla.

---

[2] This exception does not apply to the instant case.

4

Sept. 14, 2010) and collecting other supporting cases). "The definition of 'other paper' is broad and may include any formal or informal communication received by a defendant." Id. However, "[t]he time period for removal is triggered only by documents that 'clearly establish [] federal jurisdiction.'" Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (quoting Lowery v. Ala. Power Co., 483 F.3d 1184, 1213 n.63 (11th Cir. 2007)).

In determining whether settlement correspondence meets this threshold, the Court is mindful that, often, "a settlement demand provides only marginal evidence of the amount in controversy because the plaintiff's letter is nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages sought by the plaintiff." Hall v. State Farm Mut. Auto. Ins. Co., No. 8:14-cv-802-EAK-EAJ, 2014 WL 2987678, at *2 (M.D. Fla. July 2, 2014) (quotations omitted). "On the other hand, settlement offers that provide specific information . . . to support [the plaintiff's] claim for damages suggest the plaintiff is offering a reasonable assessment of the value of [his] claim and are entitled to more weight." Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (quotations omitted); see also Intihar v. Citizens Information Assocs., LLC, No. 2:13-cv-720-FtM-29UAM, 2014 WL 68550, at *1 (M.D. Fla. Jan. 8, 2014) (citing same). If a defendant cannot persuade the court that a demand letter contains an "honest assessment of damages," that demand letter cannot serve as a basis for satisfying the amount-in-controversy requirement to establish diversity jurisdiction. See Golden v. Dodge-Markham Co., Inc., 1 F. Supp. 2d 1360, 1364 (M.D. Fla. 1998). Further, "the rules of removal are designed to encourage defendants to use early discovery to flesh out the

5

amount in controversy, rather than remove cases prematurely on an equivocal record."
Jennings v. Powermatic, Co., 3:14-cv-250-J-32JRK, 2014 WL 2003116, at *3 (M.D. Fla. May 15, 2014).

Here, Plaintiff's January 2, 2014, email does not provide Defendant with unequivocal notice that Plaintiff's case meets Section 1332's $75,000 amount-in-controversy requirement.  It therefore does not qualify as "other paper" under Section 1446(b) sufficient to start the thirty-day clock for Defendant to remove this case.

First, the email appears to be more in line with an invitation to enter into settlement talks than an accounting of Plaintiff's damages.  Plaintiff states that "the repairs appear to be in the range of $80,000" [see DE 15 at 2], but offers no basis for this figure.  See Jackson, 651 F. Supp. 2d at 1281.  Indeed, the email states that Plaintiff cannot give Defendant a firm damages figure, "because the building is still in the process of repairs." [DE 15 at 2.]  Instead, the email references past talks of settling the case and invites Defendant to resume settlement discussions.  [Id.]  The $80,000 figure Plaintiff cites therefore seems more likely to be settlement posturing than the "honest assessment" of damages required for the email to serve as a basis for removal. See Golden, 1 F. Supp. 2d at 1364.

Additionally, the Court believes this ruling furthers the purpose of 28 U.S.C. § 1446(b).  The rules are designed to avoid the premature removal of cases on an undeveloped record, and to "encourage defendants to use early discovery to flesh out the amount in controversy."  See Jennings, 2014 WL 2003116, at *3.  Here, Defendant did precisely this.  Were the Court to rule otherwise, it would encourage plaintiffs that wished to defeat removal to try to provide defendants with notice of damages just

6

specific enough to start the thirty-day clock, with the hope that defendants do not realize the significance of the information and let the time expire.[3]  Defendants would then react by removing cases on vague suggestions that a case satisfies the amount-in-controversy requirement, thus defeating the statute's purpose.  For these reasons, the Court concludes that Plaintiff's unambiguous May 9 responses to Defendant's interrogatories started Section 1446(b)'s thirty-day clock, not Plaintiff's January 2 email.  Because Defendant filed its Notice of Removal on June 6, 2014, it was timely.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

Plaintiff's Motion to Remand [DE 11] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 4th day of September, 2014.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.

---

[3] The Court does not mean to imply that this is what happened in the instant case.